JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Joseph Talik, in two assignments of error, sought review of the trial court's judgment granting summary judgment in favor of defendant-appellee, Federal Marine Terminals, Inc. Talik v.Federal Marine Terminals, Inc., 172 Ohio App.3d 704, 2006-Ohio-3979,876 N.E.2d 1246. This court reversed the trial court's judgment upon the first assignment of error,[1] and Federal Marine successfully appealed to the Ohio Supreme Court. Talik v. Federal Marine Terminals, Inc.,2008-Ohio-937, slip opinion. On remand from the Ohio Supreme Court, we consider Talik's second assignment of error.
 {¶ 2} In his second assignment of error, Talik argues that even if the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") preempts his intentional tort claim (as has now been determined by the Supreme Court), the trial court still erred in granting Federal Marine's motion for summary judgment because the exclusivity provisions of the LHWCA are in the nature of an affirmative defense, and were waived by Federal Marine because they were never raised as such. We disagree.
 {¶ 3} Federal Marine raised subject matter jurisdiction as an affirmative defense in its answer. Because Ohio is a notice-pleading state, Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416,2002-Ohio-2480, 768 N.E.2d 1136, T|29, *Page 4 
 {¶ 4} assertion of that affirmative defense was sufficient. Accordingly, Talik's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] The majority declined to address the second assignment of error, as it was moot in light of the ruling on the first assignment of error. *Page 1